## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| JANICE MOODY, *on behalf of herself and all others similarly situated*,<br><br>      Plaintiff,<br><br>v.<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>      Defendant. | Case No. 1:24-cv-05406-ELR-CMS |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Defendant" or "Shellpoint"), by its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the First Amended Class Action Complaint ("Class Action Complaint") filed by Plaintiff Janice Moody ("Plaintiff") as follows:

## BACKGROUND[1]

1.     To the extent the allegations set forth in Paragraph 1 allege Shellpoint's

---

[1] Shellpoint's Answer utilizes the headings set forth in Plaintiff's Class Action Complaint for ease of this Court's review only, but otherwise makes no admissions in doing so.

actions were illegal and/or prohibited by Georgia law, regulations, or the governing contracts, or that Shellpoint ignored its statutory and contractual duties, such allegations state legal conclusions to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations. Shellpoint denies the remaining allegations set forth in Paragraph 1.

2.    Paragraph 2 contains no allegations in fact directed at Shellpoint, and therefore no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations.

3.    Paragraph 3 contains no allegations in fact directed at Shellpoint, and therefore no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations.

4.    Shellpoint admits the allegations set forth in Paragraph 4.

5.    With respect to the allegations set forth in Paragraph 5, Shellpoint admits only that the referenced policies and procedures speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize these documents. Shellpoint denies the remaining allegations set forth in Paragraph 5.

6.    With respect to the allegations set forth in Paragraph 6, Shellpoint admits only that the provisions of the referenced statute and regulation speak for themselves. Shellpoint denies all allegations that are inconsistent with or

mischaracterize those provisions. Shellpoint denies the remaining allegations set forth in Paragraph 6.

7.    Shellpoint denies the allegations set forth in Paragraph 7.

8.    Shellpoint denies the allegations set forth in Paragraph 8.

9.    Shellpoint denies the allegations set forth in Paragraph 9.

10.    With respect to the allegations set forth in Paragraph 10, Shellpoint admits only that the referenced foreclosure documents speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize these documents. Shellpoint denies the remaining allegations set forth in Paragraph 10.

11.    With respect to the allegations set forth in Paragraph 11, Shellpoint admits only that the referenced documents speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize these documents. The remaining allegations set forth in Paragraph 11 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations.

12.    With respect to the allegations set forth in Paragraph 12, Shellpoint admits only that the referenced document speaks for itself. Shellpoint denies all allegations that are inconsistent with or mischaracterize this document. The remaining allegations set forth in Paragraph 12 state a legal conclusion to which no

response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.

13.     With respect to the allegations in Paragraph 13, Shellpoint admits only that the provisions of the referenced federal statutes and regulations speak for themselves.  Shellpoint denies all allegations that are inconsistent with or mischaracterize these provisions.  The remaining allegations set forth in Paragraph 13 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.  Shellpoint denies the remaining allegations set forth in Paragraph 13.

14.     With respect to the allegations in Paragraph 14, Shellpoint admits only that statements by the CFPB speak for themselves.  Shellpoint deny all allegations that are inconsistent with or mischaracterize those statements.  Shellpoint denies the remaining allegations set forth in Paragraph 14.

15.     With respect to the allegations in Paragraph 15, Shellpoint admits only that the CFPB Advisory Opinion speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize that Advisory Opinion.  Shellpoint denies the remaining allegations set forth in Paragraph 15.

16.     The allegations set forth in Paragraph 16 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be

required, Shellpoint denies those allegations. Shellpoint denies the remaining allegations set forth in Paragraph 16.

17. Shellpoint denies the allegations set forth in Paragraph 17.

18. Shellpoint denies the allegations set forth in Paragraph 18.

19. Shellpoint denies the allegations set forth in Paragraph 19.

20. With respect to the allegations set forth in Paragraph 20, Shellpoint admits only that this is a putative class action. Shellpoint denies that the Classes meet the requirements for class certification under Federal Rule of Civil Procedure 23. Shellpoint admits that Shellpoint complied with its statutory duties and that the provisions of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize these provisions. Shellpoint denies the remaining allegations set forth in Paragraph 20.

21. Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 and therefore denies those allegations.

## JURISDICTION AND VENUE

22. The allegations set forth in Paragraph 22 state a legal conclusion to which no response is required. To the extent that a response is deemed to be

required, Shellpoint denies those allegations.  Shellpoint does not contest jurisdiction in this Court.

23.    The allegations set forth in Paragraph 23 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.  Shellpoint does not contest venue in this Court.

## PARTIES

24.    Shellpoint admits the allegations set forth in Paragraph 24.

25.    Shellpoint admits the allegations set forth in Paragraph 25.

26.    The allegations set forth in Paragraph 26 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.

## FACTS

### *Zombie Second Mortgages*

27.    Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27, and, therefore, denies those allegations.

28.    Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28, and, therefore, denies those allegations.

29.     Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29, and, therefore, denies those allegations.

30.     The allegations set forth in Paragraph 30 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.  Shellpoint denies the remaining allegations set forth in Paragraph 30.

31.     The allegations set forth in Paragraph 31 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.  Shellpoint denies the remaining allegations set forth in Paragraph 31.

32.     Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32, and, therefore, denies those allegations.  Shellpoint denies the remaining allegations set forth in Paragraph 32.

33.     Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33, and, therefore, denies those allegations.  Shellpoint denies the remaining allegations set forth in Paragraph 33.

34.     With respect to the allegations in Paragraph 34, Shellpoint admits only that the provisions of the referenced regulation speak for themselves.  Shellpoint

deny all allegations that are inconsistent with or mischaracterize those provisions. Shellpoint denies the remaining allegations set forth in Paragraph 34.

35.    With respect to the allegations in Paragraph 35, Shellpoint admits only that the provisions of the referenced regulation speak for themselves.   Shellpoint deny all allegations that are inconsistent with or mischaracterize those provisions. Shellpoint denies the remaining allegations set forth in Paragraph 35.

36.    Shellpoint denies the allegations set forth in Paragraph 36.

37.    Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37, and, therefore, denies those allegations.

38.    With respect to the allegations in Paragraph 38, Shellpoint admits only that the referenced April 2018 correspondence speaks for itself.   Shellpoint denies all allegations that are inconsistent with or mischaracterize that correspondence. Shellpoint denies the remaining allegations set forth in Paragraph 38.

39.    Shellpoint denies the allegations set forth in Paragraph 39.

40.    Shellpoint denies the allegations set forth in Paragraph 40.

41.    Shellpoint denies the allegations set forth in Paragraph 41.

42.    Shellpoint denies the allegations set forth in Paragraph 42.

### *Plaintiff's Zombie Second Mortgage*

43.    Shellpoint admits the allegations set forth in Paragraph 43.

44.    Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 44, and, therefore, denies those allegations.

45.    Shellpoint admits the allegations set forth in Paragraph 45.

46.    Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46, and, therefore, denies those allegations..

47.    Shellpoint admits the allegations set forth in Paragraph 47.

48.    Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48, and, therefore, denies those allegations.

49.    With respect to the allegations set forth in Paragraph 49, Shellpoint admits only that the referenced Statement of Intention speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this document.

50.    Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50, and, therefore, denies those allegations.

51.    Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 51, and, therefore, denies those allegations.

52.     Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52, and, therefore, denies those allegations.

53.     Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53, and, therefore, denies those allegations.

54.     Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54, and, therefore, denies those allegations.

55.     With respect to the allegations set forth in Paragraph 55, Shellpoint admits only that the referenced foreclosure document speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize these documents.  Shellpoint denies the remaining allegations set forth in Paragraph 55.

56.     Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 56, and, therefore, denies those allegations.

57.     With respect to the allegations set forth in Paragraph 57, Shellpoint admits only that Plaintiff sent Shellpoint correspondence after July 2024 and that document speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize these documents.  The remaining allegations set forth in

Paragraph 57 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations.

58.    With respect to the allegations set forth in Paragraph 58, Shellpoint admits only that it received correspondence from Plaintiff and that document speaks for itself. The remaining allegations set forth in Paragraph 58 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations.

59.    The allegations set forth in Paragraph 59 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations. Shellpoint denies the remaining allegations set forth in Paragraph 59.

60.    With respect to the allegations set forth in Paragraph 60, Shellpoint admits only that Plaintiff's correspondence speaks for itself. Shellpoint denies all allegations that are inconsistent with or mischaracterize this correspondence. The remaining allegations set forth in Paragraph 60 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations.

61.    With respect to the allegations set forth in Paragraph 61, Shellpoint admits only that this is a putative class action. Shellpoint denies that the Classes meet the requirements for class certification under Federal Rule of Civil Procedure

23.  With respect to the remaining allegations set forth in Paragraph 61, Shellpoint admits only that the referenced August 2024 document speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this document.

62.    With respect to the remaining allegations set forth in Paragraph 62, Shellpoint admits only that the referenced August 2024 document speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this document.  Shellpoint denies the remaining allegations set forth in Paragraph 62.

63.    With respect to the remaining allegations set forth in Paragraph 63, Shellpoint admits only that the referenced August 2024 document speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this document.  Shellpoint denies the remaining allegations set forth in Paragraph 63.

64.    With respect to the allegations set forth in Paragraph 64, Shellpoint admits only that the referenced loan history speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this document.  Shellpoint denies the remaining allegations set forth in Paragraph 64.

65.    With respect to the allegations set forth in Paragraph 65, Shellpoint admits only that the referenced loan history speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this document.  Shellpoint denies the remaining allegations set forth in Paragraph 65.

66.     With respect to the allegations set forth in Paragraph 66, Shellpoint admits only that the referenced loan history speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this document.  Shellpoint denies the remaining allegations set forth in Paragraph 66.

67.     With respect to the allegations set forth in Paragraph 67, Shellpoint admits only that Plaintiff's correspondence to Shellpoint speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this correspondence.  The remaining allegations set forth in Paragraph 67 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.

68.     With respect to the allegations set forth in Paragraph 68, Shellpoint admits only that Plaintiff's correspondence to Shellpoint speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this correspondence.  The remaining allegations set forth in Paragraph 68 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.

69.     With respect to the allegations set forth in Paragraph 69, Shellpoint admits only that Plaintiff's correspondence to Shellpoint speaks for itself.  Shellpoint denies all allegations that are inconsistent with or mischaracterize this correspondence.  The remaining allegations set forth in Paragraph 69 state a legal

conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations.

70.    With respect to the allegations set forth in Paragraph 70, Shellpoint admits only that it received Plaintiff's correspondence. The remaining allegations set forth in Paragraph 70 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations.

71.    With respect to the allegations set forth in Paragraph 71, Shellpoint admits only that the referenced correspondence speaks for itself. Shellpoint denies all allegations that are inconsistent with or mischaracterize this document.

72.    With respect to the allegations set forth in Paragraph 72, Shellpoint admits only that the referenced correspondence speaks for itself. Shellpoint denies all allegations that are inconsistent with or mischaracterize this document. Shellpoint denies the remaining allegations set forth in Paragraph 72.

73.    Shellpoint denies the allegations set forth in Paragraph 73.

74.    Shellpoint denies the allegations set forth in Paragraph 74.

## CLASS ACTION ALLEGATIONS

75.    With respect to the allegations set forth in Paragraph 75, Shellpoint admits only that this is a putative class action. Shellpoint denies that the proposed

classes meet the requirements for class certification under Federal Rule of Civil Procedure.  Shellpoint denies the remaining allegations set forth in Paragraph 75.

76.    With respect to the allegations set forth in Paragraph 76, Shellpoint admits only that this is a putative class action.  Shellpoint denies that the classes meet the requirements for class certification under Federal Rule of Civil Procedure 23(a)(1).  Shellpoint denies the remaining allegations set forth in Paragraph 76.

**Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).**

77.    With respect to the allegations set forth in Paragraph 77, Shellpoint admits only that this is a putative class action.  Shellpoint denies that the Classes meet the requirements for class certification under Federal Rule of Civil Procedure 23(a)(2).  Shellpoint denies the remaining allegations set forth in Paragraph 77.

78.    With respect to the allegations set forth in Paragraph 78, Shellpoint admits only that this is a putative class action.  Shellpoint denies that the Classes meet the requirements for class certification under Federal Rule of Civil Procedure 23(a)(3).  Shellpoint denies the remaining allegations set forth in Paragraph 78.

79.    With respect to the allegations set forth in Paragraph 79, Shellpoint admits only that this is a putative class action.  Shellpoint denies that the Classes meet the requirements for class certification under Federal Rule of Civil Procedure 23(a)(4).  Shellpoint denies the remaining allegations set forth in Paragraph 79.

80.   With respect to the allegations set forth in Paragraph 80, Shellpoint admits only that this is a putative class action.  Shellpoint denies that the Classes meet the requirements for class certification under Federal Rule of Civil Procedure 23(b)(3).  Shellpoint denies the remaining allegations set forth in Paragraph 80.

81.   Shellpoint denies the allegations set forth in Paragraph 81.

## COUNT ONE:
**Violation of RESPA, 12 U.S.C. § 2605€(2); Reg. X, 12 C.F.R. § 1024.35€
(QWR Class Claim)**

82.   Shellpoint realleges and incorporates herein by reference its answers to Paragraphs 1-81 of the Class Action Complaint.

83.   With respect to the allegations set forth in Paragraph 83, Shellpoint admits that the provisions of the 12 U.S.C. § 2605€(2) speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize these provisions.  Shellpoint admits only that this is a putative class action.  Shellpoint denies that the QWR Class meets the requirements for class certification under Federal Rule of Civil Procedure 23.  Shellpoint denies the remaining allegations set forth in Paragraph 83.

84.   With respect to the allegations set forth in Paragraph 84, Shellpoint admits that the provisions of Regulation Z speak for themselves.  Shellpoint denies all allegations that are inconsistent with or mischaracterize these provisions. Shellpoint admits only that this is a putative class action.  Shellpoint denies that the

QWR Class meets the requirements for class certification under Federal Rule of Civil Procedure 23. Shellpoint denies the remaining allegations set forth in Paragraph 84.

85. The allegations set forth in Paragraph 85 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations. Shellpoint admits only that this is a putative class action. Shellpoint denies that the QWR Class meets the requirements for class certification under Federal Rule of Civil Procedure 23. Shellpoint denies the remaining allegations set forth in Paragraph 85.

86. The allegations set forth in Paragraph 86 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations. Shellpoint admits only that this is a putative class action. Shellpoint denies that the QWR Class meets the requirements for class certification under Federal Rule of Civil Procedure 23. Shellpoint denies the remaining allegations set forth in Paragraph 86.

87. Shellpoint denies the allegations set forth in Paragraph 87.

88. Shellpoint denies the allegations set forth in Paragraph 88.

89. With respect to the allegations set forth in Paragraph 89, Shellpoint admits that the provisions of the 12 U.S.C. § 2605€(2) speak for themselves.

Shellpoint denies all allegations that are inconsistent with or mischaracterize these provisions.  Shellpoint denies the remaining allegations set forth in Paragraph 89.

90.    With respect to the allegations set forth in Paragraph 90, Shellpoint admits only that the referenced lawsuits speak for themselves.  Shellpoint denies all allegations that are inconsistent with or mischaracterize these lawsuits.  Shellpoint denies the remaining allegations set forth in Paragraph 90.

91.    With respect to the allegations set forth in Paragraph 91, Shellpoint admits that the documents in the CFPB consumer complaint portal speak for themselves.   Shellpoint denies all allegations that are inconsistent with or mischaracterize these documents.  Shellpoint denies the remaining allegations set forth in Paragraph 91.

92.    With respect to the allegations set forth in Paragraph 92, Shellpoint admits that the documents in the CFPB consumer complaint portal speak for themselves.   Shellpoint denies all allegations that are inconsistent with or mischaracterize these documents.  Shellpoint denies the remaining allegations set forth in Paragraph 92.

93.    With respect to the allegations set forth in Paragraph 93, Shellpoint admits that the provisions of the 12 U.S.C. § 2605(f) speak for themselves.  Shellpoint denies all allegations that are inconsistent with or mischaracterize these provisions.  Shellpoint admits only that this is a putative class action.  Shellpoint

denies that the QWR Class meets the requirements for class certification under Federal Rule of Civil Procedure 23.  Shellpoint denies the remaining allegations set forth in Paragraph 93.

### COUNT TWO:
### Violation of TILA, 15 U.S.C. § 1638(f), 12 C.F.R. § 1026.4l(a)(2)
### (TILA Class Claim)

94.    Shellpoint realleges and incorporates herein by reference its answers to Paragraphs 1-93 of the Class Action Complaint.

95.    With respect to the allegations set forth in Paragraph 95, Shellpoint admits that the provisions of § 1638 of TILA and § 1026.41 of Regulation Z speak for themselves.  Shellpoint denies all allegations that are inconsistent with or mischaracterize these provisions.  Shellpoint admits only that this is a putative class action.  Shellpoint denies that the TILA Class meets the requirements for class certification under Federal Rule of Civil Procedure 23.  Shellpoint denies the remaining allegations set forth in Paragraph 95.

96.    With respect to the allegations set forth in Paragraph 96, Shellpoint admits that the provisions of 15 U.S.C. § 1638 and 12 C.F.R. § 1026.41 speak for themselves.  Shellpoint denies all allegations that are inconsistent with or mischaracterize these provisions.  Shellpoint admits only that this is a putative class action.  Shellpoint denies that the TILA Class meets the requirements for class

certification under Federal Rule of Civil Procedure 23. Shellpoint denies the remaining allegations set forth in Paragraph 96.

97.    With respect to the allegations set forth in Paragraph 97, Shellpoint admits only that the referenced policies and procedures speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize these documents. Shellpoint admits only that this is a putative class action. Shellpoint denies that the TILA Class meets the requirements for class certification under Federal Rule of Civil Procedure 23. Shellpoint denies the remaining allegations set forth in Paragraph 97.

98.    Shellpoint denies the allegations set forth in Paragraph 98.

99.    Shellpoint denies the allegations set forth in Paragraph 99.

100.    With respect to the allegations set forth in Paragraph 100, Shellpoint admits that the provisions of 15 U.S.C. § 1640 speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize these provisions. Shellpoint admits only that this is a putative class action. Shellpoint denies that the TILA Class meets the requirements for class certification under Federal Rule of Civil Procedure 23. Shellpoint denies the remaining allegations set forth in Paragraph 100.

<u>**COUNT THREE:**</u>
**Declaratory Judgment Under 28 U.S.C. § 2201**
**(Declaratory Judgment Class Claim)**

101.    Shellpoint realleges and incorporates herein by reference its answers to Paragraphs 1-100 of the Class Action Complaint.

102.    Shellpoint denies the allegations set forth in Paragraph 102.

103.    Shellpoint denies the allegations set forth in Paragraph 103.

104.    The allegations set forth in Paragraph 104 state a legal conclusion to which no response is required.    To the extent that a response is deemed to be required, Shellpoint denies those allegations.

105.    The allegations set forth in Paragraph 105 state a legal conclusion to which no response is required.    To the extent that a response is deemed to be required, Shellpoint denies those allegations.

106.    Shellpoint denies the allegations set forth in Paragraph 106.

**COUNT FOUR**
**Violation of RESPA, 12 U.S.C. § 2605€(2)**
**(Individual Claim)**

107.    Shellpoint realleges and incorporates herein by reference its answers to Paragraphs 1-106 of the Class Action Complaint.

108.    With respect to the allegations set forth in Paragraph 108, Shellpoint admits only that it received Plaintiff's correspondences.    The remaining allegations set forth in Paragraph 108 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Shellpoint denies those allegations.

109.    The allegations set forth in Paragraph 109 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.  Shellpoint lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 109, and, therefore, denies those allegations.

110.    The allegations set forth in Paragraph 110 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.

111.    With respect to the allegations set forth in Paragraph 111, Shellpoint admits only that the referenced correspondence speak for themselves.  Shellpoint denies all allegations that are inconsistent with or mischaracterize these documents. The remaining allegations set forth in Paragraph 111 state a legal conclusion to which no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.

112.    Shellpoint admits the allegations set forth in Paragraph 112.

113.    Shellpoint denies the allegations set for in Paragraph 113.

114.    Shellpoint denies the allegations set forth in Paragraph 114.

115.    Shellpoint denies the allegations set forth in Paragraph 115.

116.    Shellpoint denies the allegations set forth in Paragraph 116.

117.    Shellpoint denies the allegations set forth in Paragraph 117.

118.   Shellpoint incorporates its answer to Paragraph 91 of the Class Action Complaint.

119.   Shellpoint incorporates its answer to Paragraph 92 of the Class Action Complaint.

120.   Shellpoint denies the allegations set forth in Paragraph 120.

## COUNT FIVE
### Wrongful Attempted Foreclosure
### (Individual Claim for Injunctive Relief)

121.   Shellpoint realleges and incorporates herein by reference its answers to Paragraphs 1-120 of the Class Action Complaint.

122.   With respect to the allegations set forth in Paragraph 122, Shellpoint admits only that the provisions of O.C.G.A. § 23-1-1 speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize those provisions.  Shellpoint denies the remaining allegations set forth in Paragraph 122.

123.   With respect to the allegations set forth in Paragraph 123, Shellpoint admits only that the provisions of O.C.G.[A.] § 23-1-1114 speak for themselves. Shellpoint denies all allegations that are inconsistent with or mischaracterize those provisions.  Shellpoint denies the remaining allegations set forth in Paragraph 123.

124.   Shellpoint denies the allegations set forth in Paragraph 124.

125.   Shellpoint denies the allegations set forth in Paragraph 125.

126.   Shellpoint denies the allegations set forth in Paragraph 126.

127.    Paragraph 127 contains no allegations in fact directed at Shellpoint, and therefore no response is required.  To the extent that a response is deemed to be required, Shellpoint denies those allegations.

## ANSWER TO "PRAYERS FOR RELIEF"

Shellpoint denies that Plaintiff is entitled to any relief, including but not limited to the relief sought in the "WHEREFORE" clause of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by her own failure to mitigate damages.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent they are brought outside the applicable statutes of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred because Plaintiff has not suffered any damages or injuries proximately caused by any act attributable to Shellpoint.

### Fifth Affirmative Defense

Plaintiff's claims are barred because at all times relevant to the above-captioned action, Shellpoint administered the loan obligations in conformity with applicable laws and regulations and acted in good faith.

## Sixth Affirmative Defense

Plaintiff's claims are barred because Shellpoint is entitled to fairly and lawfully exercise its rights under the mortgage loan documents, including but not limited to the Promissory Note, Deed of Trust, and the real property that is the subject of this action.

## Seventh Affirmative Defense

Plaintiff's claims, along with the claims of the proposed classes, are barred because the classes do not meet the requirements for class certification under Federal Rule of Civil Procedure 23.

## Eighth Affirmative Defense

Plaintiff's claims are barred because Plaintiff lacks constitutional standing under *Spokeo v. Robins*, 578 U.S. 330 (2016).

## Ninth Affirmative Defense

Plaintiff's claims are barred because Plaintiff cannot establish all necessary elements under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

### Tenth Affirmative Defense

Plaintiff's claim for statutory damages is barred because Plaintiff cannot establish a pattern or practice of Shellpoint's noncompliance with RESPA.

### Eleventh Affirmative Defense

Plaintiff's claims are barred because Plaintiff cannot establish all necessary elements under the Truth in Lending Act, 15 U.S.C. § 1638.

### Twelfth Affirmative Defense

Plaintiff's claims are barred because Plaintiff cannot establish all necessary elements of her wrongful attempted foreclosure claim.

### Thirteenth Affirmative Defense

Shellpoint reserves the right to add such other affirmative defenses as the course of discovery and investigation shall dictate.

**WHEREFORE**, Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing, by its undersigned counsel, respectfully submits this Answer and Affirmative Defenses to the Class Action Complaint filed by Plaintiff, denies any legal liability to Plaintiff, asserts various affirmative defenses, and respectfully prays:

1.     That the Court enter judgment in its favor and award it its reasonable attorneys' fees;

2.    That Plaintiff have and recover nothing of Shellpoint and that Plaintiff's claims be dismissed with prejudice; and

3.    That the Court order such other and further relief as the Court may deem just and proper.

Dated:        January 27, 2025        Respectfully submitted,

*/s/ Jennifer R. Burbine*
Jennifer R. Burbine, Esquire
GA Bar No. 167807
**MCGUIREWOODS LLP**
1075 Peachtree Street, N.E.
35th Floor
Atlanta, GA 30309-3900
(404) 443-5736
(404) 443-5798 (Facsimile)
jburbine@mcguirewoods.com

Melissa O. Martinez
*Pro hac vice forthcoming*
**MCGUIREWOODS LLP**
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
(410) 659-4400
(410) 659-4482 Fax
mmartinez@mcguirewoods.com

Brian E. Pumphrey
*Pro hac vice* forthcoming
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-7745
(804) 698-2018 Fax

bpumphrey@mcguirewoods.com

**Counsel for Defendant NewRez LLC**
**d/b/a Shellpoint Mortgage Servicing**

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH LOCAL RULE 5.1(C)

I HEREBY CERTIFY that on January 27, 2025, a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Amended Class Action Complaint was electronically filed via the Court's CM/ECF system and served on all counsel of record.

I further certify that the foregoing has been prepared in Times New Roman 14-point font, one of the fonts and point selections approved by the Court in Local Rule 5.1(C).

/s/ Jennifer R. Burbine
Jennifer R. Burbine
GA Bar No. 167807
**MCGUIREWOODS LLP**
1075 Peachtree Street, N.E.
35th Floor
Atlanta, GA 30309-3900
(404) 443-5736
(404) 443-5798 (Facsimile)
jburbine@mcguirewoods.com